UNITED STATES *ex rel.* DAY *v.* MAYOR, ETC., OF THE CITY OF NEW ORLEANS.

*(Circuit Court, E. D. Louisiana.  July 9, 1881.)*

1. SUPERSEDEAS — BOND REQUIRED — HOW IS THE AMOUNT OF, TO BE DETERMINED.

   The amount of the bond to be required by a United States circuit court granting a *supersedeas* is to be determined by it, in its sound discretion, under the laws and rules of the supreme court.

2. SAME—SAME.

   In the cases of *mandamus* against the city of New Orleans to direct the levy of taxation, looking to the payment of a specific sum of money, wherein the matter in dispute exceeds the sum of $5,000, exclusive of costs, and wherein writs of error are applied for and a *supersedeas* asked, the bonds required were fixed at $150, plus 10 per cent. of the amount of the judgment or judgments sought to be stayed.

3. RULE 29 OF THE GENERAL RULES OF THE UNITED STATES SUPREME COURT— MUNICIPAL OFFICERS.

   Where the defendants in the judgment are municipal officers, having little or no interest pecuniarily in the event of the suit, and where the judgments sought to be stayed are not for money or property, but to direct the performance of a ministerial act, rule 29 of the general rules of the United States supreme court has no application.

4. APPEAL FROM ANY OTHER THAN A MONEY JUDGMENT—SECTION 2, RULE 23, GENERAL RULES OF THE UNITED STATES SUPREME COURT—DAMAGES MAY BE AWARDED.

   *Quære,* as to whether, under section 2 of rule 23, general rules of the United States supreme court, which reads, "In all cases where a writ of error shall delay the proceedings on the judgment of the inferior court, and shall appear to have been sued out merely for delay, damages at the rate of 10 per cent., in addition to interest, shall be awarded upon the amount of the judgment,"— any damages may be awarded by the supreme court in any case where there is no direct appeal from a money judgment.

PARDEE, C. J. There is no doubt of the right to the writ of error in those cases where the amount of the judgment to be paid by taxation exceeds $5,000, exclusive of costs. Counsel concede the right to a *supersedeas*, and only differ as to the amount of the bond to be required. The amount of the bond is to be determined by the court allowing the *supersedeas*, in its sound discretion, under the laws and the rules of the supreme court. Rule 29 of the general rules of the

supreme court seems to be the only rule attempting to guide the court in fixing the amount of the bond. This rule provides for the following conditions:

(1) Where the judgment or decree is for the recovery of money not otherwise secured; (2) where the property in controversy necessarily follows the event of the suit; (3) where the property is in the custody of the marshal under process; (4) where the proceeds, or a bond for the value thereof, is in the control or custody of the court.

The cases under consideration come under none of these conditions. The judgments sought to be stayed are not for money or property, but to direct the performance of a ministerial act, to-wit: the levy of taxation, looking to the payment of a specific sum of money. The defendants in the judgments are municipal officers, having little or no pecuniary interest in the matter. They have a right to their writ of error, and for a *supersedeas* to require of them a bond for the whole amount of the original judgment, including "first damages for delay," and costs and interest on the appeal, would be a great hardship, which this court will not exact unless the law and duty clearly require it. The object of the bond is to secure the defendant in error against damages from delay, and costs in prosecuting the writ. So, under rule 29, when the property is supposed to be secure, as where it necessarily follows the event of the suit, or is in the custody of the court, a bond is only to be required in an amount sufficient to secure the sum recovered for the use and detention of the property, and the costs of the suit and just damages for delay, and costs and interest on the appeal. From the terms of the judgments sought to be stayed it would seem that the amount of the judgments, costs accrued, and interest to accrue, are secured by all the taxable property in the city of New Orleans, and would need no further security.

This view, in a similar case, appears to have been taken by Mr. Justice Miller and Judge Treat, in the eighth circuit, eastern district, of Missouri. See case of *Fourth Nat. Bank* v. *Franklin County*, 10 Cent. Law J. 193.

If this be the case, only the costs incurred in the prosecution of the writ, and just damages for delay, need to be secured by the *supersedeas* bond. Indeed, so far as costs are concerned, the plaintiff in error will have to pay for his record, and give other stipulation for costs in the supreme court. See General Rules, No. 10. The general damages for the delay in the payment of money is the interest allowed by law, and this seems to be provided for and secured with

the main judgment. Now, what are the special damages? Section 1010 of the Revised Statutes reads:

"Where, upon a writ of error, judgment is affirmed in the supreme court or a circuit court, the court shall adjudge to the respondents in error just damages for his delay, and single or double costs, at its discretion."

Section 2 of rule 23 reads:

"In all cases where a writ of error shall delay the proceedings on the judgment of the inferior court, and shall appear to have been sued out merely for delay, damages at the rate of 10 per cent., in addition to interest, shall be awarded upon the amount of the judgment."

It seems very doubtful to me if, under the above rule, any damages may be awarded by the supreme court in any case where there is no direct appeal from a money judgment. Under a similar rule in the state of Louisiana, (C. P. 907,) it has been always held that no damages could be awarded except on moneyed judgments. 19 Ann. Rep. 327; 13 Ann. Rep. 365.

No adjudicated cases under the federal rule have come under my notice; and at all events, in these cases under consideration, if defendants in error are secured for costs and these possible special damages, they are entirely secure, and have no cause to complain. One hundred and fifty dollars will secure the costs—double costs, if adjudged. Ten per cent. on the amount of the original judgment will secure all damages awarded for a frivolous appeal. Any bond required for a larger amount would be an unnecessary hardship for the city, and without benefit to the defendants in error, save in a way scarcely legitimate,—that of deterring the city from seeking a higher court. In addition to all this, counsel for the plaintiffs in error admits that the supreme court may at once, on filing the record, pass on the question and rectify what is here ordered amiss.

Let the bonds in the cases of mandamus against the city of New Orleans, wherein the matter in dispute exceeds the sum of $5,000, exclusive of costs, and wherein writs of error are applied for and a *supersedeas* asked, be fixed at the sum of $150, plus 10 per cent. of the amount of the judgment or judgments sought to be stayed. Where no *supersedeas* is asked let the bond be in the sum of $150.

Some fourteen cases are covered by the above decision.